```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA

JOSEPH FALER                  *        CIVIL ACTION

VERSUS                        *        NO: 06-10473

ALLSTATE INSURANCE COMPANY,   *        SECTION: "D"(4)
ET AL
```

**ORDER AND REASONS**

Before the court is the **"Motion to Remand"** filed by Plaintiff, Joseph Faler.  Defendant, Allstate Insurance Company, filed a memorandum in opposition.  The motion, set for hearing on Wednesday, March 14, 2007, is before the court on briefs, without oral argument.  Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

**I.  Background**

In this Katrina-related matter, Plaintiff Joseph Faler initially filed suit on August 29, 2006, in the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, against **Allstate Insurance Company**, the company that allegedly issued Plaintiff his homeowner's policy, and **Frank Capella**,

Plaintiff's alleged insurance agent.

Plaintiff's allegations against **Frank Capella, a non-diverse Defendant**, include the following:[1]

### XVII.

Within the last year, plaintiff has conversed with defendant regarding limits, scope of coverage regrading hurricane damage, and within the last three (3) years has made and/or requested changes. At the time plaintiffs were seeking to obtain insurance, defendant insurance agent within the last year, failed in its capacity as insurance agent to properly advise plaintiffs as to their options, including but not limited to the following:

a. Providing plaintiffs with the option of purchasing excess flood insurance;

b. Failing to inform plaintiffs that damages caused by a hurricane may not be covered under their chosen policy;

### XVIII.

Within the last year, plaintiff has conversed with defendant agent regarding limits, scope of coverage regarding hurricane damage, and within the last three (3) years has made and/or requested changes. Plaintiffs plead concurrently and in the alternative that Defendant insurance agent within the last year was negligent and/or breached their agreement with plaintiffs by failing to procure adequate insurance coverage for plaintiffs' properties. Their acts of omission and/or commission include but or not limited to:

---

[1] The court notes that the Petition interchangeable uses plaintiff and plaintiffs. There is only one named plaintiff.

>   a.  failing to procure adequate flood insurance for the buildings
>
>   b.  failing to procure property insurance that would provide coverage for Hurricane-related damages and losses;
>
>   c.  failing to advise plaintiffs of the inadequacy of their flood insurance; and
>
>   d.  all other acts which will be proven at the trial of this matter.
>
>   . . .
>
>   XX.
>
>   At all times pertinent hereto, Defendant insurance agent held itself out as an agent and/or broker with an expertise in analyzing risk and procuring insurance coverage. Prior to purchasing the insurance for their properties, plaintiffs retained Defendant insurance agent to provide advice, and to act as their agent in procuring necessary insurance coverage for the property that was adequate to fully protect their properties.

(*See* Plaintiff's Petition attached to removal papers).

Defendant Allstate removed the matter to this court on the basis of diversity jurisdiction, and arguing that the agent, Frank Capella, is non-diverse and was fraudulently joined to defeat diversity jurisdiction. In particular, Allstate argues that the actual policy holder (Thomas Faler, purportedly the late father of the named Plaintiff, Joseph Faler)[2] is deceased and thus the

---

[2] Allstate states that Thomas Faler died on April 1, 2005. (Allstate's memo. at p. 2). While Allstate attaches no evidentiary support for this statement, Plaintiff has not denied this statement.

3

alleged wrongful actions against Defendant Capella have no way of being confirmed.  (Allstate's Memo. at p. 2).  Further, Allstate asserts that Plaintiff's claims against Defendant Capella are perempted and/or prescribed under LSA-R.S. 9:5606(A).  However, in the instant Motion to Remand, Plaintiff argues Encompass cannot meet its burden of showing fraudulent joinder.

## II.  Legal Analysis

Under Louisiana law, insurance agents have a duty to supply their customers with correct information, and they may be liable for negligent misrepresentation when they provide incorrect information and the insured is thereby damaged.  *See e.g., Venture Assocs. Inc. v. Transportation Underwriters*, 634 So.2d 4, 6-7 (La. App. 3rd Cir. 1994).  Further, a plaintiff may recover for his insurance agent's failure to procure requested insurance coverage.  *Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730 (La. 1973).

In determining whether or not Plaintiff's claims against Insurance Underwriters are prescribed and/or perempted, the court looks to LSA-R.S. 9:5606 which provides:

> A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court

>   of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, **in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.**
>
>   B.  The provisions of this Section shall apply to all persons whether or not infirm or under disability of any kind and including minors and interdicts.
>
>   C.  The peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953.[3]
>
>   D.  The one-year and three-year periods of limitation provided in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.

LSA-R.S. 9:5606 (emphasis added).

---

[3] Louisiana Civil Code Article 1953 provides:

>   **Fraud may result from misrepresentation or from silence**
>
>   Fraud is a misrepresentation or a suppression of the truth with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction.

La.Civ.Code Art. 1953.

Here, Plaintiff makes allegations against Defendant Capella presumably pertaining to both the procurement of insurance and the renewal of the subject policy. However, in its opposition memorandum, Allstate argues **(but without any kind of evidentiary support)** that:

> The terms of the insured's policy were established in 1967, when the policy was originally issued. From 1967 until the present, plaintiff's late father never requested coverage limits in excess of the amount for the dwelling and for contents provided by the homeowner (*sic*) policy at the time of Hurricane Katrina. Therefore ... the preemptive (*sic*) period on plaintiff's claims with respect to the homeowners (*sic*) policy began to run at the time the policy was issued, approximately 38 years ago. Accordingly, this suit filed on August 29, 2006, is preempted (*sic*).
>
> Under well-settled Louisiana law, the fact that plaintiff's late father renewed his policy each year does not toll the one-year preemptive (*sic*) period. Even if it did, in this case the policy was renewed in November 2004 expiring the preemptive (*sic*) period and barring this suit against Capella.

(Allstate's Memo. at p. 9).

Subsequent renewals of insurance policies do not restart the prescriptive period on torts *committed at the time of the initial purchase*. *Biggers v. Allstate Ins. Co.*, 886 So. 2d 1179, 1182 (La. App. 5th Cir. 2004). For "each renewal to be the basis of a separate tort, the complained of conduct must consist of separate

and distinct acts, each of which give rise to immediately apparent damages." *Id. quoting Bel v. State Farm Mut. Auto. Ins. Co.*, 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

However, without further factual development, the court cannot conclude from the record (as it now stands) that the subject policy was indeed issued in 1967, and whether the purported "renewals were nothing more than a continuation of the ill effects of an original unlawful act"[4] committed at the time of initial purchase *or* whether the renewal allegations against Defendant Capella are based on conduct, consisting of separate and distinct acts from those committed at the time of initial purchase. Further, even if the the subject policy was last renewed in November 2004, and suit was filed on August 29, 2006, the court finds that further factual development is also needed to determine when the agent's alleged errors and omissions were discovered or should have been discovered.[5]

At this stage, the court must resolve disputed questions of fact in Plaintiff's favor,[6] and the court thus finds that Allstate

---

[4] *Bel v. State Farm Mutual Automobile Ins. Co.,* 845 So. 2d 377, 382 (La. App. 1st Cir. 2003).

[5] The court recognizes that if the insured in now deceased, factual development will be difficult.

[6] *Burden v. General Dynamics Corp.*, 60 F.3d 213, 217 (5th Cir. 1995).

has not satisfied its heavy burden of demonstrating that Plaintiff[7] has no reasonable possibility of recovery against Defendant Capella, a non-diverse Defendant.[8]

Finally, Defendant Allstate argues that Plaintiff's claims against Defendant Capella are improperly joined under the misjoinder doctrine of *Tapscott v. MS Dealers Services Corp.*, 77 F.3d 1353, 1355-60 (11th Cir. 1996).[9]  However, the court finds this mis-joinder argument is misplaced.  The Plaintiff's claims against Allstate (the insurance provider) and Capella (the agent) all arise from an issue of insurance coverage for damages sustained to the subject property in the aftermath of Hurricane Katrina, thus satisfying the requirement for joinder under Federal Rule of Civil Procedure 20.[10]

---

[7] In the insured is deceased, Plaintiff would have to be properly substituted as the administrator or executor of the insured's estate.

[8] *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005), citing *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[9] In *Tapscott*, the Eleventh Circuit found that when a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and when the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant, this can serve as a third situation of fraudulent joinder in addition to the two identified in *Smallwood*.

The Fifth Circuit appears to have adopted *Tapscott's* fraudulent joinder principle in *In re Benjamin Moore & Co.*, 309 F.3d 296 (5th Cir. 2002).

[10] Rule 20(a) states in pertinent part: "All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions and occurrences and if any question of law of fact common to all defendants will

In similar factual contexts, courts in this district have found a "palpable connection" between claims against an insurance company and an insurance agent, such that the claims were not fraudulently joined.[11]  Thus, the court concludes that there is no improper joinder on this ground.  And, even if Plaintiffs' claims against Allstate and Capella were problematic under Rule 20, the court finds that in this case such joinder would not be "so egregious as to constitute fraudulent joinder."  *Tapscott*, 77 F.3d at 1360; *Richmond v. Chubb Grp.*, 2006 WL 2710566 at *6 (E.D.La. Sept. 20, 2006)(Africk, J.).

Accordingly, because complete diversity is lacking in this matter,

**IT IS ORDERED** that Plaintiffs' **"Motion to Remand"** be and is hereby **GRANTED**, remanding this case to the 34th Judicial District Court for the Parish of St. Bernard, State of Louisiana, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **12th** day of **March**, **2007**.

   _____
              A.J. McNAMARA
        UNITED STATES DISTRICT JUDGE

---

arise in the action."

   [11]   *See e.g., Botnick v. Vigilant Ins. Co.*, 2006 WL 2947912 at *7 (E.D.La. Oct. 13, 2006)(Vance, J.); *Radlauer v. Great N. Ins. Co.*, 2006 WL 1560791 at *5-6 (E.D.La. May 16, 2006)(Zainey, J.).